STATE OF NEW JERSEY BY THE DIVISION OF WEIGHTS AND MEASURES IN THE DEPARTMENT OF REVENUE AND FINANCE, EDWARD J. LEONARD, PLAINTIFF-RESPONDENT, v. MINER INDUSTRIES, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 9, 1980—Decided January 2, 1981.

154

Before Judges FRITZ, POLOW and JOELSON.

*Christopher J. Corbett* argued the cause for appellant (*Ralph Neibart*, attorney).

*Claude Solomon*, Deputy Attorney General, argued the cause for respondent (*John J. Degnan*, Attorney General, Attorney; *Erminie L. Conley*, Assistant Attorney General, of counsel; *Ronald S. Blumstein*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

JOELSON, J. A. D.

Defendant appeals from its conviction on a complaint charging that it offered toy soldiers for sale in package form "with

the represented net quantity statement on the label not correctly marked contrary to *N.J.S.A.* 51:1–61—51:1–89, *N.J.A.C.* 13:47D–4.6." Defendant, a New York corporation with its principal offices in New York, concedes it is the manufacturer of the toys which were exposed for retail sale in a store in Belleville.

Defendant contends that the toy soldiers offered for sale did not comprise a "consumer package" to which *Title* 51 and the regulations adopted thereunder apply. It further contends that the Federal Fair Packaging and Labeling Act preempts the area of legislation and that being a manufacturer located in New York, it committed no offense in New Jersey. We agree that the container of toys in this case was not subject to the regulation of *Title* 51 or its implementing regulations. Accordingly, we reverse.

*Title* 51 which establishes a state-wide system for enforcing standards of weights and measures refers principally to food products, but also specifically refers to items such as thread, laundry, ice, coal and liquid fuel. *N.J.S.A.* 51:1–10 through *N.J.S.A.* 51:1–39. There is no specific provision for any other items. However, *N.J.S.A.* 51:1–61 grants the Superintendent of the Division of Weights and Measures the authority to "make rules and regulations, which shall govern the sale of commodities." [1] *N.J.A.C.* 13:47D–4.1 was promulgated pursuant to this authority. It defines a "consumer package" as "a commodity in package form that is customarily produced or distributed for sale through retail sales agencies or instrumentalities for consumption by individuals, or use by individuals for the purposes of general care or in the performance of services ordinarily rendered in or about the household or in connection with person-

---

[1] The question is not here raised as to whether the statute is unconstitutional because of its failure to provide standards to guide the superintendent in determining what commodities are placed within his power. In *State v. Seligson*, 106 *N.J.Super.* 329, 332 (App.Div.1969), we pointed out that "the statute may be vulnerable" and suggested legislative revision. Our suggestion has not yet been followed.

al possessions." We are satisfied that a package of toy soldiers does not fall within this regulation defining a "consumer package".

The State contends that the toys were sold for "consumption by individuals" within the meaning of the regulation. However, if the phrase "consumption by individuals" had been meant to be accorded unlimited application, none of the remaining provisions of *N.J.A.C.* 13:47D–4.1 quoted above would have been necessary as the phrase "consumption by individuals" would be so broad as to include all commodities in package form.

The trial judge found the package to fall within the regulatory scheme, saying "this is a personal item enjoyed by a child." He then went on to state that "this is a personal possession of the individual, used in and about the household ..." However, *N.J.A.C.* 13:47D–4.1 is so limited in its terms that it cannot be held to extend to all packages of personal possessions of an individual to be used in and about the household. We are satisfied that in view of the consumable or readily depletable items specifically referred to in *Title* 51 such as various foods, coal, ice and liquid fuels, the phrase "consumption by individuals" in the regulation is limited to items of that nature. This interpretation is consistent with the apparent legislative scheme. The non-consumable commodities specifically referred to in *Title* 51 are laundry and thread, both of which might be considered as that type of product which is for "use by individuals for the purposes of general care or in the performance of services ordinarily rendered in or about the household or in connection with personal possessions" within the meaning of *N.J.A.C.* 13:47D–4.6. Although this regulation is not a model of clarity, the specific items mentioned in *Title* 51 indicate the legislative scheme intended to be achieved for non-consumable items by the regulation. At any rate, we have already stated that the regulation is not so broad as to include the toys presently under consideration.

If in the interest of purchaser protection the Legislature believes increased protection to be required, it can so expressly

provide. But for us to widen its application to packages of commodities clearly not encompassed by it would be to indulge in judicial legislation, which should be avoided. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 *U.S.* 240, 95 *S.Ct.* 1612, 44 *L.Ed.*2d 141 (1975); *Eckert v. N. J. State Highway Dept.,* 1 *N.J.* 474, 479–480 (1949).

 Furthermore, we are here dealing with an appeal from the imposition of a penalty. Statutes imposing penalties must be strictly construed so that the condemned act must be plainly and unmistakably forbidden. *Todd v. United States,* 158 *U.S.* 278, 15 *S.Ct.* 889, 39 *L.Ed.* 982 (1895); *United States v. Resnick,* 299 *U.S.* 207, 57 *S.Ct.* 126, 81 *L.Ed.* 127 (1936); *Neeld v. Giroux,* 24 *N.J.* 224 (1957). Any doubt as to the meaning of a penal statute is to be resolved in favor of the accused. *State v. Vanderhave,* 47 *N.J.Super.* 483, 492 (App.Div.1957), aff'd. *sub nom. State v. Giardina,* 27 *N.J.* 313 (1958).

In view of the foregoing, we need not address the issues of federal preemption or the applicability of *Title* 51 to an out-of-state manufacturer.

Reversed.