204 N.J. Super. 332 (1985)
498 A.2d 1271
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WALTER J. GATELY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1985.
Decided October 8, 1985.
*333 Before Judges FURMAN, PETRELLA and COHEN.
William G. Brigiani argued the cause for appellant (Brigiani, Gelzer, Cohen & Schneider, attorneys; Joanna Boretti on the brief).
David G. Christofferson, Assistant Prosecutor, argued the cause for respondent (Nicholas L. Bissell, Jr., Somerset County, County Prosecutor, attorney; Kathleen P. Holly, Assistant Prosecutor, on the letter brief).
*334 The opinion of the court was delivered by FURMAN, P.J.A.D.
In a municipal court trial defendant was acquitted of driving a motor vehicle while under the influence of alcohol, N.J.S.A. 39:4-50, and convicted of refusing to submit to a breathalyzer test, N.J.S.A. 39:4-50.4a. His acquittal was on the ground of reasonable doubt whether he was the operator of his own motor vehicle. He admitted that he was drunk. He appeals from his conviction in a Law Division trial de novo on the municipal court transcript and from his two-year driver's license suspension and $400 fine. We reverse.
At 2:40 A.M. on March 7, 1984, a police officer observed defendant's car stopped for some time in the left hand of two northbound lanes of Washington Street at its intersection with Route 22 in Green Brook Township. The police officer was then diagonally across the intersection from defendant's car. He drove his police car to investigate. When he arrived, defendant's car was in drive with the motor running. Defendant was sprawled across the front seat, his head on the passenger side and his feet under the steering wheel. He was asleep or had passed out from excess alcohol. Upon his arrest for drunk driving, the police officer requested him to submit to a breathalyzer test.
According to defendant's version of the event, he was never the driver. Because he was obviously drunk, one of his two female companions at a nearby roadhouse obtained the keys of his car from him, maneuvered him into the passenger side of his car and drove off with him in the direction of her home. She testified that she left the car in a rage, after travelling only a few hundred feet, because defendant "kept slopping over me" and "grabbing my privates." She walked back to her own car at the roadhouse parking lot. The other young woman who had been drinking with defendant testified that she observed defendant get in the passenger side of his car and her friend drive it out of the roadhouse parking lot.
The municipal court judge concluded that the State had failed to prove operation of his own car by defendant beyond a *335 reasonable doubt. He commented that he was impressed with the "general sincerity" of the young woman who testified that she was the driver; with defendant's insistence from the time of his arrest, despite his "drunken stupor," that he was not the driver; and with the second young woman's corroboration.
At the municipal court trial, the judge found all the elements of the motor vehicle violation of refusal to submit to a breathalyzer test, as set out in N.J.S.A. 39:4-50.4a: probable cause for the arresting police officer to believe that defendant had been driving while drunk, defendant's arrest, and his refusal to submit to the breathalyzer test when requested by the police officer. Although defendant disputed factually at trial and continues before us to dispute his refusal to submit, we sustain the finding that he did refuse as reasonably reached on credible evidence in the record as a whole, State v. Johnson, 42 N.J. 146, 162 (1964). We agree that the elements of the motor vehicle violation of refusal to submit to a breathalyzer test, specifically listed in N.J.S.A. 39:4-50.4a, were established in the State's proofs but we hold that an additional element of the offense must be operation in fact, which was not proven.
Neither the Law Division nor the municipal court judge addressed the issue of consent on the part of defendant. We view that issue as decisive. Without his express or implied consent, he had no obligation to submit to a breathalyzer test and was not subject to N.J.S.A. 39:4-50.4a or its sanctions, including driver's license suspension. Defendant did not expressly consent to a breathalyzer test.
N.J.S.A. 39:4-50.2 is the implied consent statute. For the purpose of effective enforcement of the drunk driving laws, it provides in subsection (a):
Any person who operates a motor vehicle on any public road, street or highway or quasi-public area in this State shall be deemed to have given his consent to the taking of samples of his breath for the purpose of making chemical tests to determine the content of alcohol in his blood; ....
Because he was not proven to have been an operator, defendant was not subject to N.J.S.A. 39:4-50.2. According to a dictum in State v. Hanemann, 180 N.J. Super. 544, 551 (App. *336 Div. 1981): "... [I]t is only an operator who impliedly consents to the test under N.J.S.A. 39:4-50.2."
Legislation imposing penal sanctions, such as N.J.S.A. 39:4-50.2, must be strictly construed against the State. The public is entitled to plain and unambiguous statutory language defining proscribed conduct; a vague and indefinite penal statute infringes that right. By avoiding a construction that renders a penal statute vague and indefinite, a reviewing court may save it from being struck down as unconstitutional. State v. Hodge, 95 N.J. 369, 374 (1984); State, Etc. v. Miner Industries, Inc., 177 N.J. Super. 153, 157 (App.Div. 1981).
Although not so articulated below or in the State's brief, a construction that defendant was subject to N.J.S.A. 39:4-50.2 would require a reading of the statute that any holder of a motor vehicle driver's license impliedly consents to a blood alcohol test whenever, even though a passenger and not a driver, he is arrested for drunk driving and the arresting police officer has probable cause to believe that he was driving while drunk. To so construe it would be to add words by surmising a legislative intent to subject passengers to its sanctions. The statute does not say so in those words; it speaks only of consent implied from operation of a motor vehicle. We reject that construction.
We recognize that operation while drunk under N.J.S.A. 39:4-50 must be proven beyond a reasonable doubt, whereas refusal to submit to a breathalyzer test under N.J.S.A. 39:4-50.4a need only be proven by a preponderance of the evidence. That distinction is not applicable here. No finding was reached below that defendant was the operator of his own car by a preponderance of the evidence, although not beyond a reasonable doubt. Nor would the drawing of such a distinction be in furtherance of the statutory scheme that operators convicted of drunk driving are subject to severe mandatory sanctions, including driver's license suspension, and that operators convicted of refusing to submit to a blood alcohol test are subject to identical or comparable sanctions.
*337 If the Legislature determines to proscribe refusal by an occupant of a motor vehicle to submit to a blood alcohol test under circumstances giving rise to probable cause to believe that he had been driving while drunk, even though his operation is not later proven, the Legislature may consider enactment of such legislation imposing, presumably, less severe sanctions than mandatory driver's license suspension. In our view, the Legislature has not so provided in N.J.S.A. 39:4-50.2 and 50.4a.
Before us the State relies on State v. Grant, 196 N.J. Super. 470 (App.Div. 1984), which affirmed a conviction under N.J.S.A. 39:4-50.4a for refusal to submit to a breathalyzer test, following an acquittal of drunk driving because of reasonable doubt of defendant's operation of his motor vehicle while drunk. Grant points out that actual operation is not one of the three elements of the offense of refusal to submit, as specifically listed in N.J.S.A. 39:4-50.4a. The issue of lack of implied consent, which compels a reversal on the appeal before us, is not discussed in Grant and appears not to have been raised. We thus distinguish Grant. One of the two-member panel which decided Grant joins in this opinion.
We reverse.