672 A.2d 745

STATE OF NEW JERSEY,[1] PLAINTIFF–RESPONDENT,
v. COMPUSA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 30, 1996—Decided March 18, 1996.

------

[1] Appellant has captioned this matter "Robert Alviene, Assistant Superintendent Division of Weights and Measures v. CompUSA." *N.J.S.A.* 51:1–105 provides that weights and measures actions be brought in the name of the State.

Before Judges PRESSLER, WEFING and A.A. RODRÍGUEZ.

*Dominic J. Aprile* argued the cause for appellant (*Bathgate, Wegener & Wolf,* attorneys; *Mr. Aprile,* of counsel and on the brief).

*Joseph P. Connor, Jr.,* Morris County Assistant Prosecutor, argued the cause for respondent (*W. Michael Murphy, Jr.,* Morris County Prosecutor, attorney; *Mr. Connor,* on the letter brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

The question raised by this appeal is whether the labeling requirements of *N.J.S.A.* 51:1–29 apply to packages containing computer accessories, more particularly, keyboards, power surge protectors and computer extension cords. We conclude that they do not, and accordingly, we reverse the conviction appealed from.

On April 7, 1994, Robert Alviene, the Assistant Superintendent of Weights and Measures of Morris County, inspected the retail premises of defendant CompUSA in Parsippany. He found eighteen packages each containing a six-foot extension cord, fifteen

packages each containing a computer keyboard, and thirty-five packages each containing a power surge protector, none of which packages bore the name of the manufacturer, packer or distributor. He issued summonses against CompUSA charging sixty-eight violations of *N.J.S.A.* 51:1–29a(2) and its implementing regulation, *N.J.A.C.* 13:47K–4.5. CompUSA was convicted in the municipal court and fined $6,800 plus court costs of $1,700. The conviction was sustained on a trial *de novo* in the Law Division. Defendant appeals, and we reverse.

■ The statute we are called upon here to construe has received little judicial attention in the past and none in its present form, that is, as amended in 1986 by *L.* 1986, *c.* 167. Nevertheless earlier interpretations and the apparent legislative and regulatory responses persuade us that the computer accessories here in issue are not within the category of primarily consumable, expendable, and largely fungible commodities intended to be encompassed by the statute. We are also persuaded that the statute was not intended to and cannot reasonably be construed to apply to durable hardware items customarily sold as single units.

■ The statute, *N.J.S.A.* 51:1–29, is an integral component of Article 2 of Chapter 1 of Title 51. Title 51 is entitled "Standards, Weights, Measures and Containers." Chapter 1 is entitled "Weights, Measures, and Containers." Article 2 is entitled "Standards." The obvious purpose of the legislation, insofar as it prescribes labeling requirements, is to assure that when consumers buy certain quantifiable commodities, whether quantified by weight, measure or count, a reliable representation must be made to them of the precise quantity they are buying. *See generally State, Etc. v. Miner Industries, Inc.,* 177 *N.J.Super.* 153, 425 *A.*2d 1074 (App.Div.1981); *State v. Seligson,* 106 *N.J.Super.* 329, 255 *A.*2d 795 (App.Div.1969); *State v. S. & W. Waldman, Inc.,* 61 *N.J.Super.* 403, 160 *A.*2d 677 (Cty.Ct.1960). *N.J.S.A.* 51:1–29a addresses those commodities that are sold in packages. It provides in full as follows:

a.  No person shall distribute, expose for sale, sell, or have in his possession with intent to distribute, expose for sale or sell any article or commodity in package form, unless the label bears statements:

(1) Specifying the identity of the commodity in common terms;

(2) Identifying the legal name and principal place of business of the manufacturer, packer or distributor.  The statement shall include the street address, city, state and zip code, except that the street address may be omitted if it is shown in a current city directory or telephone directory.  If a person manufactures, packs or distributes a commodity in package form at a place other than his principal place of business, the statement may contain the principal place of business address in lieu of the actual place where the commodity was manufactured, packed or is to be distributed, unless that statement would be misleading.  Packages packed on the premises where sold shall not be required to comply with this paragraph; and,

(3) Specifying the net quantity of the contents by weight, measure, count or volume, as prescribed by the State superintendent.

Some definitional content is afforded by the 1986 amendments. Thus *N.J.S.A.* 51:1–2a defines "commodity" as

any article of food, drink, trade or commerce, or any service or amusement, goods, ware, merchandise, or fuel *measured by any weighing and measuring or counting system....*

[Emphasis added.]

*N.J.S.A.* 51:1–2b defines "commodity in package form" as

a commodity put up or packaged in any manner in advance of sale in units suitable for either wholesale or retail sale.  An individual item or lot of any commodity not in package form as defined in this section, but on which there is marked a selling price based on an established price per unit of weight or of measure, shall be construed to be a commodity in package form.  Where the term "package" is used in chapter 1 of Title 51 of the Revised Statutes, it shall be construed to mean "commodity in package form" as herein defined.  For the purpose of this definition, single unit produce items wrapped in clear film shall not be construed as commodities in package form....

■  We think it plain that in order for a packaged commodity to come within the labeling requirements of *N.J.S.A.* 51:1–29a, it must first be a packaged commodity within the definitional ambit of *N.J.S.A.* 51:1–2b.  In order to be a packaged commodity within the definitional ambit of *N.J.S.A.* 51:1–2b, it must first be a commodity within the definition of *N.J.S.A.* 51:1–2a.  But in order to be a commodity within that definition, the product must be one that is "measured by any weighing and measuring or counting system."  We read this to mean that the product must be one that is sold by measure—that is, by weight, measure or count.  It is,

moreover, perfectly obvious that not every product, whether or not packaged, is sold in that manner. There are many products that are sold as single units—refrigerators, washing machines, radios, computers, computer accessories, and the myriad of other durable items which, although they all may have specifications, are not sold by weight, measure or count. They are sold one at a time—one in a package when they are packaged at all. Thus, insofar as we are able to determine, the plain language of the statute in question excludes the products here in question. So does its purpose. That is, when a durable hardware item is sold and bought as a unit, the customer knows what he or she is getting—namely, one of it. Weight, measure and count are essentially irrelevant in identifying the subject of the sale. That is because short weight, short measure and short count, the risks protected against by the statute, are not consumer risks in sales of single-unit durables. The concept of short weight is simply inapposite.

Our conclusion that the statute does not apply to single-unit items when the customer is clearly aware that he is buying only one is supported by the express exception of *N.J.S.A.* 51:1–2b, namely the provision that "single unit produce items wrapped in clear film shall not be construed as commodities in package form." In sum, when customers know they are getting only one and can see what they are getting, there is no need for the labeling requirement. We think it would be anomalous indeed for a single head of lettuce wrapped in clear film to be exempt from the regulatory scheme but for a clearly marked package containing a single computer keyboard to be included.

There is, moreover, nothing in the legislative history or its administrative implementation contrary to this reading. Thus, the Senate Law, Public Safety and Defense Committee Statement accompanying the 1986 amendment makes these general observations:

> As amended by the committee, this bill revises portions of chapter 1 of Title 51 of the Revised Statutes, which concerns weights and measures. The purpose of the bill is to modernize the weights and measures statutes by recognizing modern

packaging practices and marketing systems as well as technological improvements in weighing and measuring systems. The bill also revises administrative and enforcement powers of the State superintendent of weights and measures.

The revisions contained in this bill are in accordance with the federal Fair Packaging and Labeling Act, the Model State Weights and Measures Law and other model regulations published in the National Bureau of Standards Handbook H–130 as adopted by the National Conference of Weights and Measures.

To the extent that the enactment is intended to be complementary to the federal Fair Packaging and Labeling Act, we note that 15 *U.S.C.A.* § 1459(a), subject to exception for specific commodities governed by other federal legislation, defines "consumer commodity" to which the Act applies as

any food, drug, device, or cosmetic (as those terms are defined by the Federal Food, Drug, and Cosmetic Act), and any other article, product, or commodity of any kind or class which is customarily produced or distributed for sale through retail sales agencies or instrumentalities for consumption by individuals, or use by individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and which usually is consumed or expended in the course of such consumption or use.

Prior to the 1986 amendment, the New Jersey statute did not define encompassed commodities. The regulations, however, did. As we pointed out in *State, Etc. v. Miner, supra,* 177 *N.J.Super.* at 155, 425 *A.*2d 1074, *N.J.A.C.* 13:47D–4.1 then defined a consumer package consistently with the federal definition. The present form of that regulation, *N.J.A.C.* 13:47K–4.2 does so as well, providing that a "consumer package"

means a commodity in package form that is customarily produced or distributed for sale through retail sales agencies or instrumentalities for consumption or use by individuals for the purposes of personal care or in the performance of services ordinarily rendered in or about the household or in connection with personal possessions.

It is evident that whatever else this definition includes beyond food, drink, toiletries and household cleaning products, it does not include computer accessories. Computer accessories are not used for personal care or in taking care of the home or one's possessions. The conclusion is ineluctable that what this definition is talking about are all those consumable, expendable products customarily found in a well-stocked supermarket and sold by weight, measure or count.

We are aware that the definitional section of the regulation also defines "nonconsumer package" as "any commodity in packaged form other than a consumer package, and particularly a package intended solely for industrial or institutional use for wholesale distribution." *N.J.A.C.* 13:47K–4.2. We do not read this definition as intending to suggest that nonconsumer commodities constitute a regulated category. Such a reading would plainly go beyond the statutory consumer-protection intention. Nor does its text require that reading. Rather, we read the definition as simply applying to consumer commodities packaged for other than ordinary retail sale. The commodities here were, in fact, packaged for retail use and, therefore, do not come within the definition of a "nonconsumer package." Since the goods were neither consumer packages nor consumer commodities in nonconsumer packages, neither the statutory nor the regulatory constraints applied. More particularly *N.J.A.C.* 13:47K–4.5, under which defendant was charged, is wholly inapposite.

In *Miner, supra,* in construing the same regulatory definition,[2] we held that a set of twelve toy soldiers did not come within and were not intended to come within the statutory prescription of a consumer package. If a package of twelve toy soldiers does not, obviously a package of one toy soldier would not either. If analogous at all, it is one toy soldier that this case involves.

We need not address either issues of overbreadth or the question of whether the statute could have validly encompassed single unit sales of durables had the Legislature so desired. We simply conclude that a fair reading of this statute in light of cognate federal law, the statutory purpose and policy, and the kinds of consumable, expendable and fungible products ordinarily subject to weight, measure and count labeling requirements, does not reasonably support a conclusion that computer accessories are covered. Obviously, penalties cannot be based on the strained

---

[2] *N.J.A.C.* 13:47K–4.2 defines consumer package in the same manner as did *N.J.A.C.* 13:47D–4.1, which we construed in *Miner.*

reading of the statute by the Morris County Assistant Superintendent of Weights and Measures.

Having concluded that the products here were not consumer packages subject to the Act, we need also not address defendant's estoppel argument, which is now moot.

The judgment of conviction is reversed, and we remand for entry of judgment of acquittal.