262 N.J. Super. 375 (1993)
621 A.2d 55
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
DENNIS M. DISOMMA, DEFENDANT-APPELLANT-CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 25, 1993.
Decided February 19, 1993.
*376 Before Judges PETRELLA, LONG and KEEFE.
Michael H. Schreiber, attorney for defendant-appellant-cross-respondent (Schreiber & Friedman, attorneys; Mr. Schreiber and William J. Kaufmann, on the letter brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for plaintiff-respondent-cross-appellant (Jack Lipari, Assistant Prosecutor, on the letter brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
*377 The court has been advised by counsel for the appellant that defendant Dennis DiSomma died in December 1992. Nonetheless, in view of the significance of the issues raised on the appeal and cross-appeal, and the potential for repetition in other cases, we have determined to decide the matter on the merits. See Matter of Conroy, 98 N.J. 321, 342, 486 A.2d 1209 (1985); Daly v. High Bridge Teachers' Ass'n, 242 N.J. Super. 12, 15-16, 575 A.2d 1373 (App.Div.), certif. denied, 122 N.J. 356, 585 A.2d 366 (1990).
On January 25, 1986, defendant was convicted of refusing to submit to a breathalyzer test in violation of N.J.S.A. 39:4-50.4a and was sentenced by the court under that provision as then in effect. Some six years later, on January 27, 1992, defendant was found guilty in the Brigantine Municipal Court of driving under the influence, in violation of N.J.S.A. 39:4-50, commonly referred to as driving while intoxicated (DWI). At sentencing for this offense, the municipal court judge decided that the defendant's 1986 refusal violation did not provide a basis for imposing second offender status, see N.J.S.A. 39:4-50(a)(2), under the driving while under the influence section.
Defendant appealed his conviction to the Law Division. His conviction was affirmed after a trial de novo on the record below. The Law Division judge decided that a prior "conviction"[1] for refusal to submit to a breathalyzer test in contravention of N.J.S.A. 39:4-50.4a could be considered a prior conviction for second offender status upon a subsequent conviction of driving under the influence contrary to N.J.S.A. 39:4-50. However, he held that a mandatory term of imprisonment could not *378 be imposed for such a "second violation." He concluded it would be unconstitutional to impose mandatory imprisonment under these circumstances because the defendant's "second offender status is a result of a conviction where the burden of proof was by a preponderance of the evidence." Defendant appealed and the State cross-appealed the limitation on the mandatory term of imprisonment.
Although it has been held that if a defendant had a prior conviction for DWI, a subsequent refusal "conviction" would lead to second offender status and the enhanced penalties of N.J.S.A. 39:4-50.4a because the DWI and refusal offenses have been interpreted to be parts of the same "section," see State v. Wilhalme, 206 N.J. Super. 359, 362-363, 502 A.2d 1159 (App. Div. 1985), certif. denied, 104 N.J. 398, 517 A.2d 401 (1986); State v. Grant, 196 N.J. Super. 470, 479-481, 483 A.2d 411 (App.Div. 1984), we do not necessarily agree with that interpretation. See also In re Bergwall, 85 N.J. 382, 427 A.2d 65 (1981), rev'g on dissent 173 N.J. Super. 431, 436, 414 A.2d 584 (App.Div. 1980) (dissenting opinion of Lora, P.J.A.D.).
DiSomma's case presents the converse situation, i.e., can a defendant with a prior "conviction" for refusing to take a breathalyzer be sentenced as a second offender pursuant to N.J.S.A. 39:4-50(a)(2) following a subsequent driving under the influence conviction? The Law Division judge considered this a "novel issue."
N.J.S.A. 39:4-50 provides in pertinent part:
(a) A person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogenic or habit-producing drug, or operates a motor vehicle with a blood alcohol concentration of 0.10% or more by weight of alcohol in the defendant's blood ... shall be subject:
(1) For the first offense, to a fine of not less than $250.00 nor more than $400.00 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day and served as prescribed by the program requirements of the Intoxicated Driver Resource Centers established under subsection (f) of this section and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the *379 highways of this State for a period of not less than six months nor more than one year.
(2) For a second violation, a person shall be subject to a fine of not less than $500.00 nor more than $1,000.00, and shall be ordered by the court to perform community service for a period of 30 days, which shall be of such form and on such terms as the court shall deem appropriate under the circumstances, and shall be sentenced to imprisonment for a term of not less than 48 consecutive hours, which shall not be suspended or served on probation, nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of two years upon conviction.... [N.J.S.A. 39:4-50(a)(1) and (2) (Emphasis supplied).]
The consequences of a refusal to take the chemical tests authorized by N.J.S.A. 39:4-50.2 to determine the content of alcohol in a motor vehicle operator's blood are set forth in N.J.S.A. 39:4-50.4a, which now reads:
The municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of R.S. 39:4-50, shall refuse to submit to the chemical test provided for in section 2 of P.L. 1966, c. 142 (C. 39:4-50.2) when requested to do so, for 6 months unless the refusal was in connection with a subsequent offense under this section,[[2]] in which case the revocation period shall be for 2 years.
The municipal court shall determine by a preponderance of the evidence whether the arresting officer had probable cause to believe that the person had been driving ... while under the influence of intoxicating liquor or a narcotic, hallucinogenic, or habit-producing drug or marijuana, whether the person was placed under arrest, and whether he refused to submit to the test upon request of the officer, and if these elements of the violation are not established, no conviction shall issue. In addition to any other requirements provided by law, a person whose operator's license is revoked for refusing to submit to a chemical test shall satisfy the requirements of a program of alcohol education or rehabilitation pursuant to the provisions of R.S. 39:4-50. The revocation shall be independent of any revocation imposed by virtue of a conviction under the provisions of R.S. 39:4-50.
In addition to issuing a revocation, the municipal court shall fine a person convicted under this section, a fine of not less than $250.00 nor more than $500.00. [(Emphasis supplied).]
*380 The State argues that the legislature could not have intended a situation where a defendant could benefit by refusing to submit to a breathalyzer test. It asserts that this defendant's refusal to submit to the breathalyzer test back in 1986 should not now allow him the "benefit" of being treated as a first offender under N.J.S.A. 39:4-50 for purposes of sentencing on his most recent conviction. However, logically, if a person was not convicted of driving under the influence, he should not be punished as if he had been so convicted. Furthermore, if the goal of the refusal statute is "to encourage drivers arrested for driving while intoxicated to submit to a breathalyzer test," State v. Fahrer, 212 N.J. Super. 571, 579, 515 A.2d 1240 (App. Div. 1986), a goal furthered by the "preponderance of the evidence" standard of proof, see id. at 577, 515 A.2d 1240, that purpose is not served by treating a prior refusal as a first offense for the enhancement provision of 39:4-50(a)(2).[3]
Moreover, an interpretation that treats a prior violation of the refusal statute (N.J.S.A. 39:4-50.4a) as essentially a "first" offense for purposes of enhanced second offender sentencing for a conviction of driving while intoxicated blurs the distinction between the two provisions and disregards the different burdens of proof which the State must meet as to each. A violation of N.J.S.A. 39:4-50 is quasi-criminal in nature and requires proof of guilt beyond a reasonable doubt. See State v. Johnson, 42 N.J. 146, 156, 199 A.2d 809 (1964). A violation of N.J.S.A. 39:4-50.4a, on the other hand, is civil in character, *381 requiring only proof by a preponderance of the evidence, as its purpose "is not to punish the driver but to protect the motoring public by removing the offending driver from the highways with reasonable dispatch." In re Kallen, 92 N.J. 14, 29, 455 A.2d 460 (1983); Fahrer, supra, 212 N.J. Super. at 577, 515 A.2d 1240; N.J.S.A. 39:4-50.4a.
Under usual principles of statutory construction, including giving effect to all the language of the statute, the reference to "a subsequent offense under this section" is and must be just to the section of the refusal statute enacted as a new section by L. 1981, c. 512, § 2, i.e., N.J.S.A. 39:4-50.4a, and amended by L. 1981, c. 537, § 2, both effective January 12, 1982. Cf. 1A Sutherland Statutory Construction § 21.13, at 126-127 (4th ed. 1985). The amendment by c. 537 essentially increased the refusal penalties. Section 2 of c. 512 replaced the prior statutory refusal provision[4] which contained the phrase "subsequent offense of this section" and authorized the Director of Motor Vehicles to impose the penalty in an administrative proceeding upon a refusal to take the test. See In re Bergwall, 173 N.J. Super. 431, 414 A.2d 584 (App.Div. 1980), rev'd on dissenting opinion, 85 N.J. 382, 427 A.2d 65 (1981). Bergwall, however, is not authority here due to changes in the refusal section by the 1981 and subsequent amendments which clarified the legislative intent.
Although one interpretation of the language "subsequent offense under this section" in 39:4-50.4a might support a conclusion that the greater offense includes the lesser, i.e., a prior conviction for driving while intoxicated may give rise to the enhancement provision of the refusal statute for a subsequent refusal conviction, see Wilhalme and Grant, supra, (a conclusion that our reading of the statute does not support), we *382 conclude that the converse is clearly not the case.[5] We thus question the rationale of Wilhalme and Grant and find unpersuasive their reliance on the phrase "under this section" in N.J.S.A. 39:4-50.4a to elevate a subsequent refusal conviction after a prior under the influence conviction to second offender refusal status. Although in one sense the offenses are now part of the same Title and Chapter of the New Jersey Statutes, driving under the influence and refusal to take a chemical test are nonetheless in different sections by virtue of compilation and numerical assignment in the New Jersey Statutes by the compiler of statutes in the Office of Legislative Services.
That N.J.S.A. 39:4-50.4a includes the number 50 in its compilation or citation number does not make it a part of section 50 of the statute, just as other numberings and letterings between section 50 and 51 do not incorporate those enactments into the same section. These numberings were also assigned by the compiler of statutes in order to place the different sections in proximity to related sections. Sections enumerated by decimal points and the like are nonetheless distinct designations (as contrasted with a subsection of a particular section) and remain separate statutory sections. This is particularly clear when the source documents, the actual bills and the 1981 Session Laws, are examined. Section 2 of c. 512 of the Laws of 1981 (page 2203) (the refusal violation enhancement section) is clearly shown and denominated as a distinct and separate section and is labelled in parenthesis "(New section)." It does not amend the prior version of any specified statute.
In sum, the offenses of DWI and refusal to take a breathalyzer test are not the same or interchangeable violations. The use of the words "offense," "second violation," and *383 "a third or subsequent violation" in section 39:4-50 refers to subparagraph (a) of that provision, which establishes the ways in which an individual may violate that specific provision. We also note that N.J.S.A. 39:4-50 does not use language such as "under this section" when referring to the enhanced penalties under subsections (a)(1) through (3) of N.J.S.A. 39:4-50, but does use that phrase "of this section" and "under this section" in the last two unnumbered paragraphs in subsection (a), as well as in subsection (b).[6] Our decision is fortified by the requirement for strict construction of the relevant statutes since a penal provision is involved. See State v. Meinken, 10 N.J. 348, 91 A.2d 721 (1952). Cf. Grant, supra, 196 N.J. Super. at 480-481, 483 A.2d 411. Thus, a prior refusal conviction cannot serve as the basis for imposing second offender status upon sentencing a defendant for a subsequent driving while intoxicated conviction.
We reverse the determination of the Law Division and reinstate the judgment of the Brigantine Municipal Court.
NOTES
[1] We noted the civil nature of the proceeding in State v. Fahrer, 212 N.J. Super. 571, 577, 515 A.2d 1240 (App.Div. 1986). See also In re Kallen, 92 N.J. 14, 29, 455 A.2d 460 (1983), pointing out that the purpose of the Implied Consent Law, N.J.S.A. 39:4-50.4, which contains the refusal provision, "is not to punish the driver but to protect the motoring public by removing the offending driver from the highways with reasonable dispatch."
[2] The use of the language "under this section" must of necessity refer to the section of the bill which became law as a "new section" by L. 1981, c. 512, § 2, and amended by L. 1981, c. 537, § 2, both effective January 12, 1982. It replaced the old administrative agency action with court action in the new section N.J.S.A. 39:4-50.4a. It must be presumed the Legislature knew how to refer to other chapters and sections of the statute in its drafting of bills. Cf. 1A Sutherland Statutory Construction § 21.13, at 126-127 (4th ed. 1985).
[3] By providing in the amendment to N.J.S.A. 39:4-50.4a (as a result of enactment of L. 1981, c. 537, section 2) for "similar revocation penalties for first and second convictions for refusal to submit and driving under the influence of liquor, the Legislature took away any advantage a motorist might gain by refusing to take the test." Fahrer, supra, 212 N.J. Super. at 579, 515 A.2d 1240 (emphasis added); see also Grant, supra, 196 N.J. Super. at 481, 483 A.2d 411. However, with respect to the possibility of imprisonment, operators of motor vehicles who refuse to take the breathalyzer test may avoid potential imprisonment under 39:4-50(a)(1), unless also convicted of driving while under the influence. Compare N.J.S.A. 39:4-50(a)(1), (2) and (3) with N.J.S.A. 39:4-50.4a.
[4] N.J.S.A. 39:4-50.4, the prior refusal provision, was repealed by Section 3 of L. 1981, c. 512. As noted, section 2 of L. 1981, c. 512, replaced the former administrative action with court action under the new refusal provision, N.J.S.A. 39:4-50.4a.
[5] Even assuming the correctness of the rationale of Wilhalme and Grant, in light of the fact that the statutory language is arguably open to more than one interpretation, those cases do not support the State's arguments in this case, which call more for a rewriting than judicial interpretation of the statutes at issue.
[6] That the refusal statute and the DWI statute are intended to be distinct is reinforced by the reference to "under this section" in the first of the two unnumbered paragraphs in subsection (a). This paragraph provides direction for a sentencing court as to where defendants may be sent when a term of imprisonment is imposed. Unlike the DWI statute, the refusal statute makes no provision for a term of imprisonment. Compare N.J.S.A. 39:4-50 with N.J.S.A. 39:4-50.4a.