921 A.2d 1163 (2007)
392 N.J. Super. 584
STATE of New Jersey, Plaintiff-Respondent,
v.
Hugh F. BRESLIN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 2007.
Decided May 9, 2007.
Charles R. Iannuzzi, Woodbury, argued the cause for appellant.
Tamika T. McKoy, Special Deputy Attorney General, Acting Assistant Prosecutor, argued the cause for respondent (Joshua M. Ottenberg, Acting Camden County Prosecutor, attorney; Ms. McKoy, of counsel and on the brief).
Before Judges Lintner, S.L. Reisner and C.L. Miniman.
The opinion of the court was delivered by
LINTNER, J.A.D.
Defendant, Hugh Breslin, appeals from a judgment convicting him of refusal to submit a breath sample and the imposition of a two-year suspension of his driving privileges as a second offender, N.J.S.A. 39:4-50.4a. We affirm both the conviction and the sentence imposed.
Defendant was charged in Gloucester Township with driving while intoxicated, N.J.S.A. 39:4-50; refusal to submit a breath sample, N.J.S.A. 39:4-50.2 (refusal statute); failure to maintain a lane, N.J.S.A. 39:4-88b; and reckless driving, N.J.S.A. 39:4-96.[1] He entered a plea to *1165 refusal to submit a breath sample and the municipal court judge entered a finding of not guilty to the driving while intoxicated charge based upon the prosecutor's representation that the State could not prove a case.[2] Based upon a March 10, 1999, conviction of the refusal statute, the judge suspended defendant's driving privileges for two years.
Defendant appealed and on trial de novo the Law Division judge vacated the plea because defendant had not given a factual basis for his plea in the municipal court. On remand, following a trial in municipal court, defendant was found guilty beyond a reasonable doubt of refusal to submit a breath sample and sentenced again as a second offender to a two-year suspension of his driving privileges. Defendant appealed, contending that the arresting officers did not have probable cause to stop him and request that he submit to a breath test. Following a de novo hearing in the Law Division, the judge found defendant guilty of violating the refusal statute.
Relying on the decision in State v. Cummings, 184 N.J. 84, 875 A.2d 906 (2005), which raised the burden of proof for violation of the refusal statute to beyond a reasonable doubt, defendant argued in the Law Division that because his 1999 conviction was based upon the preponderance of the evidence standard, he should not be sentenced as a second offender to a two-year driving suspension. Noting that Cummings provided for pipeline retroactivity, and defendant's conviction under the lesser standard of proof in 1999 was not pending appeal at the time Cummings was decided, the judge concluded that Cummings did not "reach back" to disqualify defendant's prior conviction from being considered in assessing the sentence. Consequently, the judge imposed a two-year suspension, twelve hours of Intoxicated Driver's Resource Center training, and $433 in fines and costs. However, he stayed the implementation of the suspension, pending appeal.
On appeal, defendant raises the following points:
POINT I
DEFENDANT BRESLIN SHOULD BE ACQUITTED OF HIS REFUSAL TO TAKE THE BREATHALYZER TEST BECAUSE THERE WAS INSUFFICIENT PROBABLE CAUSE TO PERMIT THE CHARGING OFFICER TO REQUEST THAT DEFENDANT TAKE A BREATHALYZER TEST.
POINT II
DEFENDANT BRESLIN SHOULD BE SENTENCED AS A FIRST OFFENDER FOR VIOLATION OF N.J.S.A. [39:4-50.2] REFUSAL TO TAKE A BREATHALYZER TEST  BECAUSE HIS PRIOR REFUSAL CONVICTION WAS OBTAINED WHEN THE BURDEN OF PROOF REQUIRED FOR CONVICTION WAS PURSUANT TO THE CIVIL STANDARD, i.e. PREPONDERANCE OF THE EVIDENCE.
Defendant's first contention that the trooper did not have probable cause to believe defendant was operating his vehicle while under the influence of intoxicating liquor is devoid of factual and legal merit. To secure a conviction under the refusal statute, the State is required to prove "that (1) the arresting officer had probable cause to believe that defendant had been operating a vehicle while under the influence of alcohol; (2) defendant was arrested for driving while intoxicated; and (3) defendant refused to submit to a breathalyzer test." State v. Wright, 107 N.J. 488, *1166 490, 527 A.2d 379 (1987). On appeal, defendant does not contest that the proofs established that he was arrested for driving while under the influence and refusing to give a breath sample. We, therefore, focus on the proofs concerning probable cause for the stop and the belief that defendant was driving while under the influence of alcohol.
In reaching his conclusion that there was sufficient proof in the municipal court record to support his finding of probable cause, the Law Division judge found credible the following testimony by Trooper Steven Cristenzio at the municipal court trial. While traveling behind defendant's vehicle, Cristenzio observed defendant fail to maintain his lane, drive over the dotted white line and drive onto the shoulder several times. Although Cristenzio had his overhead lights on and sounded his audible siren, defendant failed to pull over and traveled another three-tenths of a mile. The trooper indicated, from his experience and training, it should take only one-tenth of a mile for a vehicle to pull over.
Cristenzio detected an odor of alcohol as he spoke to defendant while defendant remained in the car. Cristenzio directed defendant to go to the front of defendant's vehicle to perform field sobriety tests. Defendant failed the one-leg stand test and the counting test. When asked to raise his leg a second time, defendant attempted the maneuver, however, he fell on the hood of the car. Defendant also refused to do the walk-and-turn test as instructed, claiming that his back was hurting. Cristenzio stated that defendant swayed as he escorted him to the patrol car.
Cristenzio's patrol unit was equipped with a video recorder. The Law Division judge noted that the video showed defendant
driving . . . at a high rate of speed weaving and drifting back and forth from one lane to another. He just missed hitting a barrier at the side of the roadway. He drove on the shoulder, and he applied his brakes for no apparent reason.
He drove with his right rear turn signal on but he was not turning. He drove so dangerously that he looked like an accident waiting to happen. It took him an inordinate distance to finally stop after Trooper Cristenzio's continuous signal to do so. After the trooper escorted him to the front of his Lincoln . . . [t]hree times, the trooper asked him where he was coming from. Each time, [defendant] did not answer. He was staggering and appeared to be disoriented. His speech sounded very slurred, and at times, incomprehensible.
When the trooper told [defendant] "I stopped you because you were weaving all over the road," [defendant] made no audible intelligible response.
The judge credited the trooper's testimony and found defendant's testimony that he did not drink because he suffers from vertigo not credible. He concluded, beyond a reasonable doubt, based upon defendant's erratic driving, the odor of alcohol, failure to perform the field sobriety tests, and swaying while walking to the trooper's vehicle, that Trooper Cristenzio had a well-grounded suspicion to believe that defendant was driving his vehicle while under the influence of intoxicating liquor.
Our review of the record convinces us that the judge was entirely correct in finding that there was sufficient credible evidence in the record to conclude that, under the circumstances, Cristenzio had probable cause to both stop defendant and to believe that he was operating his motor vehicle while under the influence of intoxicating liquor. We have no warrant to reverse determinations of credibility or other findings of a trial court where they could *1167 reasonably have been reached on sufficient credible evidence in the record. State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964).
In his second point, defendant asserts that he should not be subject to a two-year suspension as a second offender under N.J.S.A. 39:4-50.4a because his first conviction under the refusal statute was subject to the civil burden of proof. He relies in part on the decision in State v. DiSomma, 262 N.J.Super. 375, 621 A.2d 55 (App.Div.1993). DiSomma held that "a prior refusal conviction cannot serve as the basis for imposing second offender status upon sentencing a defendant for a subsequent driving while intoxicated [(DWI)] conviction" because the burden of proof for the former conviction was based upon the civil standard and not the criminal standard required for the second conviction. Id. at 383, 621 A.2d 55. Defendant asserts he should not be subject to the enhanced two-year second offender penalty, claiming that, like the defendant in DiSomma, his second conviction under the present refusal statute was based upon the newly imposed criminal burden of proof under Cummings, supra, 184 N.J. at 89, 875 A.2d 906, while his first conviction was based on a lower proof standard.
In Cummings, the Court held, for the first time, that "despite the clear legislative election as well as prior acceptance of the [civil] preponderance of the evidence standard," prosecutions under the refusal statute are to be based upon the criminal beyond a reasonable doubt standard of proof. Id. at 95, 875 A.2d 906. In reaching its decision, the Court relied in part on its decision in State v. Widmaier, 157 N.J. 475, 500, 724 A.2d 241 (1999), which held that, for double jeopardy purposes, the refusal statute must be treated as quasi-criminal, thus barring appeals by the State of acquittals, even though the burden of proof remained the civil standard. Having announced a "new rule of law," the Court then applied "pipeline retroactivity" and determined that the new criminal standard of proof is to apply "to future cases and to all cases still on direct appeal." Cummings, supra, 184 N.J. at 99, 875 A.2d 906.
Defendant argues that because prosecution under the refusal statute today requires the stricter criminal burden of proof and his prior refusal was subject to the lesser civil burden, the State should be precluded, as it was in DiSomma, from seeking the elevated two-year penalty under N.J.S.A. 39:4-50.4a. N.J.S.A. 39:4-50.4a provides in pertinent part:
a. Except as provided in subsection b. of this section, the municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for a violation of R.S. 39:4-50, shall refuse to submit to a test provided for in section 2 of P.L. 1966, c. 142 (C. 39:4-50.2) when requested to do so, for not less than seven months or more than one year unless the refusal was in connection with a second offense under this section, in which case the revocation period shall be for two years or unless the refusal was in connection with a third or subsequent offense under this section in which case the revocation shall be for ten years. (emphasis added).
The refusal statute was enacted by the Legislature to combat the "high rate of refusal[s] [which] made enforcement of the drunk driving laws very difficult." State v. Tekel, 281 N.J.Super. 502, 505, 658 A.2d 1281 (App.Div.1995). The plain wording of the statute, specifically, "a second offense under this section" evinces the legislative intent to elevate the penalty for a second conviction under the refusal statute.
The circumstances before us are different from the facts in DiSomma. Unlike DiSomma, here, defendant's prior conviction was the same refusal offense as his *1168 subsequent conviction. Indeed, in reaching its decision, the panel in DiSomma recognized the distinction between convictions of similar as opposed to dissimilar offenses, noting: "logically, if a person was not convicted of driving under the influence, he should not be punished as if he had been so convicted." DiSomma, supra, 262 N.J.Super. at 380, 621 A.2d 55. It also pointed out that "DWI and refusal to take a breathalyzer test are not the same or interchangeable violations" and noted that "[u]nlike the DWI statute, the refusal statute makes no provision for a term of imprisonment." Id. at 382-83 n. 6, 621 A.2d 55. Thus, the panel's conclusion that "a prior refusal conviction cannot serve as the basis for imposing second offender status upon sentencing a defendant for a subsequent driving while intoxicated conviction" was based, in part, on two different offenses with different potential penalties. Id. at 383, 621 A.2d 55.
At the time of defendant's first conviction, the decision in Widmaier establishing the quasi-criminal nature of the violation of the refusal statute, albeit for double jeopardy purposes, had been decided. Whereas at the time DiSomma was decided, a refusal violation was still deemed civil in character and driving while intoxicated was deemed quasi-criminal. Thus, defendant was well aware of the quasi-criminal nature of the refusal violation at the time of his 1999 conviction. Moreover, the rationale behind the decision in DiSomma was subsequently called into question. In Tekel, supra, 281 N.J.Super. at 503, 658 A.2d 1281, the defendant pled guilty to refusal and was sentenced as a second offender based upon a prior conviction for DWI. On appeal, the defendant relied "almost exclusively" on DiSomma to support his argument that imposition of the two-year penalty was error. Id. at 509, 658 A.2d 1281. After noting that DiSomma "does not serve as precedent . . . because the factual circumstances were plainly different," the panel in Tekel criticized as "dicta" the holding in DiSomma, noting that it "undermines the sound legislative policy on which drunk driving statutes are grounded." Ibid.
We are convinced that, were we to accept defendant's argument, everyone convicted of refusing to give a breath sample prior to the holding in Cummings who is subsequently arrested for DWI would again refuse to submit a breath sample simply to avoid the elevated second offender penalty. As pointed out in Tekel, "[s]uch an outcome would do nothing to curb the `senseless havoc and destruction caused by intoxicated drivers.'" Id. at 509-10, 658 A.2d 1281 (quoting Wright, supra, 107 N.J. at 497, 527 A.2d 379).
On appeal, defendant contends that Cummings represents a "recognition that the consequences of a refusal conviction are so significant that decisions made by a preponderance of the evidence should not be used to enhance acknowledged statutory convictions that have quasi-criminal consequences." We disagree. The defendant in Cummings was a first-time offender. Cummings did not address the questions related to second-offender status. Defendant's 1999 refusal conviction was not pending or under appeal at the time Cummings was decided. The Law Division judge correctly found Cummings did not "reach back" to negate that conviction. More importantly, in deciding to apply pipeline retroactivity, the Court recognized "the potentially enormous degree of chaos that may result from the unlimited retroactive application of a rule that increases the burden of proof in what can only be estimated to be thousands of settled Motor Vehicle Act convictions." Cummings, supra, 184 N.J. at 99, 875 A.2d 906. As we have previously noted, the same rationale applies here. Simply stated, there is no just reason to nullify a prior *1169 refusal conviction based upon a lesser burden of proof from being considered in determining a defendant's status under N.J.S.A. 39:4-50.4a as a second offender after a second conviction of the same offense based upon the criminal standard of proof.
Affirmed.
NOTES
[1] The State dismissed the charge of failure to maintain a lane.
[2] Based upon the State's representation that it could not meet its burden of proof, the judge also entered a not guilty verdict to the charge of reckless driving.