986 A.2d 1 (2010)
411 N.J. Super. 280
STATE of New Jersey, Plaintiff-Appellant,
v.
Eileen CIANCAGLINI, Defendant-Respondent.
No. A-2785-08T4.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 2009.
Decided January 7, 2010.
Mary R. Juliano, Assistant Prosecutor, argued the cause for appellant (Luis A. *2 Valentin, Monmouth County Prosecutor, attorney; Patricia B. Quelch, Assistant Prosecutor, of counsel and on the brief).
Stephen M. Pascarella, Red Bank, argued the cause for respondent.
Before Judges CARCHMAN,[1] PARRILLO and ASHRAFI.
The opinion of the court was delivered by
ASHRAFI, J.S.C. (temporarily assigned).
The State appeals the judgment of the Law Division sentencing defendant Eileen Ciancaglini as a first-time offender for driving under the influence of alcohol (DWI). Defendant was previously convicted of DWI in 1979 and of refusing to take a breathalyzer test in 2006, but the Law Division discounted those convictions under the holding of State v. DiSomma, 262 N.J.Super. 375, 621 A.2d 55 (App.Div. 1993). We agree with the State that defendant's prior convictions required that she be sentenced as a third-time offender. We reverse and re-impose the original sentence of the municipal court for a third offense.

I.
The police stopped defendant for traffic offenses in May 2008. Breathalyzer testing showed a blood alcohol concentration of 0.17%. In September 2008, defendant pleaded guilty to DWI, in violation of N.J.S.A. 39:4-50. The municipal court sentenced her as a third-time offender to six months in jail, a fine of $1,006, ten-year loss of driver's license and vehicle registration, twelve hours at an Intoxicated Driver Resource Center (IDRC), and other fees and surcharges as provided by statute. The municipal court stayed execution of the sentence pending defendant's appeal to the Law Division of the Superior Court.
On de novo review, the Law Division applied the holding of DiSomma, supra, 262 N.J.Super. 375, 621 A.2d 55, and concluded that the 2006 refusal conviction could not be considered the same as a prior DWI violation. Because the 1979 DWI conviction occurred more than ten years earlier, the Law Division held that defendant should be sentenced as a first-time offender in accordance with N.J.S.A. 39:4-50. Defendant was sentenced to thirty days in jail, a fine of $500, twelve months' driver's license revocation, twelve hours at IDRC, and fees and surcharges as provided by statute. Defendant has served the thirty-day jail sentence.

II.
The primary issue before us is virtually the same one we framed seventeen years ago in DiSomma, supra, 262 N.J.Super. at 378, 621 A.2d 55: "can a defendant with a prior `conviction' for refusing to take a breathalyzer be sentenced as a second offender pursuant to N.J.S.A. 39:4-50(a)(2) following a subsequent driving under the influence conviction?" We answered that question no in DiSomma. Id. at 383, 621 A.2d 55.
The relevant language of the DWI statute provides:
[A] person who operates a motor vehicle while under the influence of intoxicating liquor ... shall be subject:
(1) For the first offense:

(i) if the person's blood alcohol concentration is 0.08% or higher but less than 0.10% ... to a fine of not less *3 than $250 nor more than $400 ... and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of three months;[2]
(ii) if the person's blood alcohol concentration is 0.10% or higher ... to a fine of not less than $300 nor more than $500 ... and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of not less than seven months nor more than one year;
....
(2) For a second violation, a person shall be subject to a fine of not less than $500.00 nor more than $1,000.00, ... and shall be sentenced to imprisonment for a term of not less than 48 consecutive hours, ... nor more than 90 days, and shall forfeit his right to operate a motor vehicle over the highways of this State for a period of two years upon conviction....
(3) For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days ... and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years....
....
[I]f the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes.
[N.J.S.A. 39:4-50(a) (emphasis added).]
In the emphasized phrases, the statute uses the words "violation" and "offense" in referring to the defendant's prior record and resultant sentencing exposure.
The statute applicable to refusing a breathalyzer test does not authorize a sentence of incarceration, but the applicable fine and the period of license revocation vary depending on whether the defendant has prior convictions. The relevant language of the refusal statute states:
[T]he municipal court shall revoke the right to operate a motor vehicle of any operator who, after being arrested for [DWI] shall refuse to submit to a test provided for in [N.J.S.A. 39:4-50.2] when requested to do so, for not less than seven months or more than one year unless the refusal was in connection with a second offense under this section, in which case the revocation period shall be for two years or unless the refusal was in connection with a third or subsequent offense under this section in which case the revocation shall be for ten years....
The municipal court shall determine by a preponderance of the evidence ... [the] elements of the violation ... the municipal court shall fine a person convicted under this section, a fine of not less than $300 or more than $500 for a first offense; a fine of not less than $500 or more than $1,000 for a second offense; and a fine of $1,000 for a third or subsequent offense.

[N.J.S.A. 39:4-50.4a(a) (emphasis added).]
As shown in the emphasized language, the refusal statute includes the phrase "under *4 this section" after the word "offense" in the first paragraph.
In DiSomma, supra, 262 N.J.Super. at 382, 621 A.2d 55, we held that the DWI and refusal statutes do not establish "the same or interchangeable violations." A prior refusal conviction does not count toward the number of prior DWI convictions that determine the sentence under the DWI statute. Id. at 383, 621 A.2d 55.
In the intervening years since DiSomma, the two statutes have been amended several times, but not with respect to the language relevant to determining the number of prior convictions. The cases interpreting that language, however, have almost uniformly come to conclusions that are inconsistent with our holding in DiSomma. We now depart from the holding of DiSomma and conclude that a prior refusal conviction has the same effect as a prior DWI conviction for determining the number of prior violations under the DWI statute, N.J.S.A. 39:4-50(a).
In DiSomma, supra, we gave four reasons for reaching the opposite conclusion: (1) the refusal violation was deemed to be "civil in character" because it required only "proof by a preponderance of the evidence," 262 N.J.Super. at 380-81, 621 A.2d 55; (2) "[u]nder usual principles of statutory construction," the language in the refusal statute making "reference to `a subsequent offense under this section' is and must be just to the section of the refusal statute," id. at 381, 621 A.2d 55; (3) the DWI and refusal statutes were enacted as separate sections of the New Jersey Statutes although compiled within the same Title and Chapter, id. at 382, 621 A.2d 55; and (4) as a penal measure, the DWI statute should be strictly construed, id. at 383, 621 A.2d 55. None of these reasons has stood the test of time and analysis in other decisions.
The first, that refusal violations are civil in nature, was rejected by the Supreme Court in State v. Cummings, 184 N.J. 84, 95-96, 875 A.2d 906 (2005). See also State v. Widmaier, 157 N.J. 475, 500, 724 A.2d 241 (1999) (double jeopardy protections are applicable to a charge under the refusal statute). In Cummings, supra, the Court acknowledged both that the refusal statute by its terms requires proof only by the preponderance of the evidence standard and that historically the statute had been treated as a civil rather than penal remedy. 184 N.J. at 93-95, 875 A.2d 906 (citing State v. Wright, 107 N.J. 488, 503, 527 A.2d 379 (1987); State v. Todaro, 242 N.J.Super. 177, 179, 576 A.2d 307 (App. Div.1990); State v. Fahrer, 212 N.J.Super. 571, 577, 515 A.2d 1240 (App.Div.1986)). The Court nevertheless held that a violation of the refusal statute, like other traffic offenses, is quasi-criminal in nature and therefore requires proof by the higher reasonable doubt standard. Id. at 95-96, 875 A.2d 906 (citing State v. Dively, 92 N.J. 573, 585, 458 A.2d 502 (1983)). Refusal convictions are no longer deemed civil in character.
Our other reasons for declining to treat refusal and DWI violations as interchangeable prior convictions have been weakened by virtually every other decision that considered the relationship of the statutes, both before and after we decided DiSomma in 1993.
Beginning with In re Bergwall, 85 N.J. 382, 427 A.2d 65 (1981), rev'g on dissent, 173 N.J.Super. 431, 436, 439, 414 A.2d 584 (App.Div.1980), judicial decisions that have considered the converse of the issue in this case have invariably held that a prior DWI conviction must be treated as a prior offense under the refusal statute. See State v. Grant, 196 N.J.Super. 470, 479-81, 483 A.2d 411 (App.Div.1984); State v. Wilhalme, 206 N.J.Super. 359, 362-63, 502 *5 A.2d 1159 (App.Div.1985), certif. denied, 104 N.J. 398, 517 A.2d 401 (1986); Fahrer, supra, 212 N.J.Super. at 578, 515 A.2d 1240; State v. Tekel, 281 N.J.Super. 502, 505, 658 A.2d 1281 (App.Div.1995); State v. Fielding, 290 N.J.Super. 191, 193, 675 A.2d 653 (App.Div.1996); State v. Lucci, 310 N.J.Super. 58, 60, 707 A.2d 1370 (App. Div.), certif. denied, 156 N.J. 386, 718 A.2d 1215 (1998). These cases have reached conclusions inconsistent with DiSomma despite the more restrictive language of the refusal statute that includes the phrase "under this section."[3]
In Bergwall, supra, 85 N.J. 382, 427 A.2d 65, the Supreme Court approved this court's dissenting opinion, which reasoned that undue emphasis should not be placed on the phrase "under this section" because the focus of the refusal statute was on DWI offenses, not just refusal violations. Bergwall, 173 N.J.Super. at 438, 414 A.2d 584. Also, the legislative history of the two statutes strongly suggested that a prior DWI conviction should result in lengthier revocation of driving privileges upon a subsequent refusal conviction. Id. at 438-39, 414 A.2d 584; see Wilhalme, supra, 206 N.J.Super. at 361-63, 502 A.2d 1159.
In this case, the relevant language of the DWI statute provides even better reason to treat a prior refusal conviction the same as a prior DWI conviction. The DWI statute does not use the phrase "under this section" in describing a defendant's prior record. It refers to "a second violation" and "a third or subsequent violation," or just to "offense." N.J.S.A. 39:4-50(a). We have less justification to restrict the general references to "violation" and "offense" to DWI convictions alone than the cited decisions had to restrict the phrase "offense under this section" to refusal convictions alone.
In order to read the two offenses as interchangeable for purposes of determining a defendant's prior record, the cited cases relied upon several principles of statutory construction, including elevating the essential purpose and design of a statute over a contrary literal reading, discerning the intent of the Legislature, and avoiding "absurd or unreasonable" or "anomalous" results. See Tekel, supra, 281 N.J.Super. at 506, 658 A.2d 1281 (quoting 534 Hawthorne Ave. Corp. v. Barnes, 204 N.J.Super. 144, 148, 497 A.2d 1265 (App.Div. 1985); Union Cty. Bd. of Freeholders v. Union Cty. Park Comm., 41 N.J. 333, 341, 196 A.2d 781 (1964)); Grant, supra, 196 N.J.Super. at 481, 483 A.2d 411.
Because the two statutes contain parallel provisions establishing fines and periods of license revocation, it is unlikely that the Legislature intended to impose a lesser fine or period of license revocation on one convicted of DWI after an earlier refusal conviction than one convicted of refusal after an earlier DWI conviction. Cf. State v. Eckert, 410 N.J.Super. 389, 399, 982 A.2d 469 (App.Div.2009) (declining to read the statutes to permit an "anomalous" or "irrational result").
In sum, the reasons we found in DiSomma for treating DWI and refusal offenses as distinct prior violations have been rejected in our decisions and the Supreme Court's earlier decision in Bergwall, supra, 85 N.J. 382, 427 A.2d 65. We now conclude that a prior conviction for refusing a *6 breathalyzer test is a prior "violation" or "offense" for purposes of the DWI statute.
Therefore, in this case, defendant's 2008 conviction should have been deemed her third, not her first, violation or offense. In that regard, the sentence imposed originally by the municipal court was correct.[4]

III.
Defendant contends that the double jeopardy clauses of the federal and State constitutions prohibit re-sentencing her as a third-time offender.[5] She argues that her right against double jeopardy prohibits increasing her sentence above that imposed by the Law Division, especially because she has already served the sentence of incarceration, thirty days in jail. See State v. Ryan, 86 N.J. 1, 10, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981). The State responds that an illegal sentence may be corrected on appeal, even if defendant has already served part of the sentence. Monge v. California, 524 U.S. 721, 730, 118 S.Ct. 2246, 2251, 141 L.Ed.2d 615, 625 (1998); State v. Baker, 270 N.J.Super. 55, 72, 636 A.2d 553 (App.Div.), aff'd o.b. 138 N.J. 89, 648 A.2d 1127 (1994).
The guarantee against double jeopardy "protects against multiple punishments for the same offense." United States v. DiFrancesco, 449 U.S. 117, 129, 101 S.Ct. 426, 433, 66 L.Ed.2d 328, 340 (1980); accord North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 665 (1969). It does not permit a defendant to retain a lesser sentence mistakenly imposed contrary to law. See Baker, supra, 270 N.J.Super. at 71-77, 636 A.2d 553. A defendant's double jeopardy rights are not violated by imposition of a more severe sentence upon the State's successful appeal where the sentence was illegal or the State otherwise was granted the right to appeal a lenient sentence. State v. Kirk, 243 N.J.Super. 636, 643, 581 A.2d 115 (App.Div. 1990); State v. McCourt, 131 N.J.Super. 283, 288, 329 A.2d 577 (App. Div.1974); see N.J.S.A. 2C:44-1f(2); State v. Sanders, 107 N.J. 609, 621, 527 A.2d 442 (1987).
We agree with defendant, however, that the sentence imposed by the Law Division was not an illegal sentence. It conformed to our holding in DiSomma, supra, 262 N.J.Super. 375, 621 A.2d 55. Cf. Eckert, supra, 410 N.J.Super. at 408, 982 A.2d 469 (unauthorized merger of refusal conviction into DWI conviction resulted in "sentencing error," not illegal sentence); State v. Burford, 163 N.J. 16, 21 n. 2, 746 A.2d 998 (2000) (failure of sentencing court to find a sentencing predicate does not make the sentence illegal). We need not address whether double jeopardy rights would have barred the State from appealing defendant's sentence as a first-time offender if it had been the only sentence imposed. Defendant's right to be protected against double jeopardy is not violated by re-imposition of a sentence imposed originally and *7 then mistakenly decreased. See State v. Pomo, 95 N.J. 13, 468 A.2d 428 (1983).
In applying double jeopardy principles to sentences, we look to the defendant's "legitimate expectation of finality" in the sentence imposed. Ryan, supra, 86 N.J. at 10, 429 A.2d 332; see DiFrancesco, supra, 449 U.S. at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 345. In State v. Rodriguez, 97 N.J. 263, 270, 478 A.2d 408 (1984), the Supreme Court said, "Ryan can be understood to hold that the commencement of sentence coupled with the defendant's expectation of finality in his original underlying conviction and sentence combined to raise a constitutional bar against an increase in that sentence." After Rodriguez, "the critical inquiry in assessing whether principles of due process and double jeopardy bar imposition of a sentence greater than one initially imposed is whether the defendant maintains a `legitimate expectation of finality' with respect to the sentence." State v. Haliski, 140 N.J. 1, 21, 656 A.2d 1246 (1995) (quoting DiFrancesco, supra, 449 U.S. at 136, 101 S.Ct. at 437, 66 L.Ed.2d at 345).
Here, defendant could not have a reasonable expectation of finality in the Law Division's sentence. Defendant's appeal to the Law Division challenged the legality of the municipal court's original sentence on the ground that defendant must be sentenced as a first-time offender. When the Law Division agreed with defendant's position and imposed the lesser sentence, it was not making any factual determination regarding defendant's guilt or punishment. Nor was it determining appropriate punishment as a matter of judicial discretion. See Kirk, supra, 243 N.J.Super. at 642, 581 A.2d 115. It was making a legal determination about application of the DWI statute, just as any intermediate appellate court might do in reviewing a sentence. See State v. Chambers, 377 N.J.Super. 365, 872 A.2d 1109 (App.Div.2005).
A higher appellate court's disagreement and re-imposition of the original sentence does not violate a defendant's right against multiple punishment for the same offense. See Pomo, supra, 95 N.J. 13, 468 A.2d 428; Rodriguez, supra, 97 N.J. at 277, 478 A.2d 408; cf. United States v. Wilson, 420 U.S. 332, 345, 95 S.Ct. 1013, 1022-23, 43 L.Ed.2d 232, 242 (1975) (no double jeopardy violation in appellate court reversing trial court's dismissal of charges and re-instating jury verdict of guilty); State v. Nwobu, 139 N.J. 236, 258, 652 A.2d 1209 (1995) (defendant's completion of pretrial intervention program while appeal was pending did not preclude reversal of trial court's decision admitting him into the program, and defendant could be prosecuted on the original charges).
In State v. Thomas, 195 N.J. 431, 435, 950 A.2d 209 (2008), the Court held:
Plainly, where a defendant files an appeal, courts are permitted to revise a sentence "notwithstanding his initial commencement of the sentencing term, providing that any new sentence is in accordance with the substantive punishment standards under the Code and not in excess of the sentence originally imposed." (citation omitted) "[W]ith the determination of guilt made, the defendant is not subject to the harassment and risk of multiple prosecution the Double Jeopardy Clause was meant to prohibit."
[quoting Rodriguez, supra, 97 N.J. at 277, 478 A.2d 408, and Roth, supra, 95 N.J. at 344, 471 A.2d 370.]
Defendant's right against double jeopardy is not violated by re-instating the sentence originally imposed by the municipal court.

IV.
The judgment of the Law Division sentencing defendant as a first-time offender *8 is reversed. We remand to the Law Division for re-instatement of the sentence imposed by the municipal court.
NOTES
[1] Judge Carchman did not participate at oral argument of the appeal, but has participated in the decision with the consent of the parties.
[2] To highlight the differences among the sentencing provisions, we quote only the penalty provisions establishing fines, jail sentences, and periods of license revocation.
[3] We have also distinguished DiSomma factually without questioning its reasoning. See State v. Breslin, 392 N.J.Super. 584, 591-92, 921 A.2d 1163 (App.Div.), certif. denied, 192 N.J. 477, 932 A.2d 28 (2007); Fielding, supra, 290 N.J.Super. at 193, 675 A.2d 653. We adhered to the holding of DiSomma only in Levine v. State DOT, 338 N.J.Super. 28, 30-31, 768 A.2d 192 (App.Div.2001), which concerned a statute prohibiting issuance of specialty license plates to persons with DWI convictions, N.J.S.A. 39:3-33.5.
[4] Under the "step-down" terms of the DWI statute, N.J.S.A. 39:4-50(a), defendant was not entitled to a reduction of the penalties applicable to her 2008 conviction based on the time elapsed since the 1979 conviction. State v. Burroughs, 349 N.J.Super. 225, 226, 793 A.2d 137 (App.Div.), certif. denied, 174 N.J. 43, 803 A.2d 638 (2002). She was previously given the benefit of a step-down to a lesser sentence for her 2006 refusal conviction. See Fielding, supra, 290 N.J.Super. at 194-95, 675 A.2d 653.
[5] Our courts interpret New Jersey's double jeopardy clause, N.J. Const., art. I, ¶ 11, as co-extensive with the double jeopardy clause of the federal constitution, U.S. Const., amend. V. State v. Dillihay, 127 N.J. 42, 47, 601 A.2d 1149 (1992); State v. Roth, 95 N.J. 334, 344-45, 471 A.2d 370 (1984).