**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1336-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MIRAJ PATEL,

      Defendant-Appellant.

_____

Submitted December 14, 2021 – Decided January 19, 2022

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 44-2013.

The Hernandez Law Firm, PC, attorneys for appellant (Thomas Cannavo, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, on the brief).

PER CURIAM

In this appeal, we review for a fourth time defendant Miraj Patel's October 30, 2014 conviction, after a trial de novo, of driving while under the influence of intoxicating liquor (DWI), N.J.S.A. 39:4–50. Having considered defendant's arguments in light of the facts and applicable law, we affirm.

I.

Shortly before midnight on December 2, 2011, Woodbridge Police Officer Joseph A. Angelo stopped defendant after observing him travel 44 m.p.h. in a 25-m.p.h. zone. Defendant fumbled with his credentials and smelled of alcoholic beverages. After exiting his vehicle to perform field sobriety tests, defendant swayed while standing in place. He raised his arms for balance during the one-leg-stand test. While he performed the walk-and-turn test, he failed to place the heel of one foot closely in front of the toes of the other, and he twice deviated from a straight line. He admitted he consumed two beers and a shot.

Angelo arrested defendant on suspicion of DWI and transported him to the station to administer the Alcotest chemical breath test.[1] Angelo testified that he observed defendant for twenty minutes, according to his wristwatch, before

---

[1] Defendant was also charged with speeding, N.J.S.A. 39:4–98; driving without a license, N.J.S.A. 39:3–10; and reckless driving, N.J.S.A. 39:4–96. Defendant was convicted of the first two and the State dismissed the third at the end of the trial.

A-1336-20

beginning the Alcotest. The machine measured a .15 blood alcohol content (BAC).

The municipal court denied multiple defense pre-trial motions. Defendant sought to suppress the fruits of the arrest on the grounds it lacked probable cause. He moved to exclude the Alcotest results because, allegedly, the police deliberately destroyed a station video, and Officer Angelo did not observe defendant for twenty minutes. See State v. Chun, 194 N.J. 54, 79 (2008).

Defendant also unsuccessfully sought a jury trial. The court granted the State's pre-trial motion to quash a subpoena of Officer Angelo's cellphone records during the time he observed defendant and administered the Alcotest. The court also denied defendant's mid-trial requests for an N.J.R.E. 104 hearing regarding admissibility of the Alcotest results, and a Miranda[2] hearing after Officer Angelo testified that on the way to the station defendant predicted he would not do well on the chemical breath test.

At trial, Officer Angelo testified to the circumstances surrounding defendant's arrest and his poor performance on field sobriety tests. Defendant did not testify but relied on expert testimony that challenged Officer Angelo's interpretation of defendant's performance during the field sobriety tests and

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1336-20

disagreed with the officer's conclusion that defendant was intoxicated. The municipal court found defendant guilty of DWI based upon both Officer Angelo's observations and defendant's Alcotest results. As it was defendant's third DWI conviction, the court imposed a 180-day jail term and applicable fines and penalties.

On de novo review, the Law Division found defendant guilty based upon the results of the Alcotest but failed to address whether defendant's guilt could be established based on Officer Angelo's observations alone. The court rejected defendant's claim that the police officers' failure to preserve and produce the stationhouse video deprived him of his right to due process. The court held there was probable cause to arrest, found the officer observed defendant for the requisite twenty minutes, and did not address defendant's appeal from the order quashing his subpoena of the officer's cell phone records.

Defendant appealed and we issued an opinion affirming in part, reversing in part, and remanding to the Law Division for further proceedings. State v. Patel, No. A-1683-14 (App. Div. May 2, 2016) (slip op. at 1). Most of the issues raised in the first appeal related to the admissibility of the Alcotest evidence. We remanded the case to the Law Division to decide whether it should draw an adverse inference against the State based on our conclusion that there had been

a discovery violation when police failed to preserve the video recording related to their administration of the Alcotest. We also concluded that the municipal court judge should have exercised his discretion to hold a N.J.R.E. 104 hearing as to the admissibility of the Alcotest results and ordered the Law Division judge on remand to conduct such a hearing where defendant should be permitted to testify. Finally, we instructed the Law Division judge on remand to rule on the observational method of proving a DWI offense.

On remand, the Law Division conducted the required N.J.R.E. 104 hearing at which both the arresting officer and defendant testified about the administration of the Alcotest. The judge issued a written decision stating his reasons for again convicting defendant based on the Alcotest results, without ever addressing the observational case. In his decision, among other findings, the judge found that it was "obvious from [defendant's] testimony [at the Rule 104 hearing] that [defendant was] not credible."

Defendant appealed, and in our second review, we again remanded the matter to the Law Division because despite our directions, the Law Division "did not address [the] part of our [earlier] decision" that instructed the judge to determine "whether the State's proofs adduced at the municipal court trial were sufficient to support defendant's DWI conviction based on observational

5                                                                    A-1336-20

evidence." State v. Patel, No. A-3189-16 (App. Div. June 21, 2019) (slip op. at 1).

In remanding the matter again, we stressed the heightened need for a determination of the State's observational case considering the Supreme Court's opinion in State v. Cassidy, 235 N.J. 482 (2018), which invalidated the Alcotest results "in many cases, including this one." Id. at 2. We also concluded that the issue of whether an adverse inference should be drawn was still viable despite the invalidity of the Alcotest results because "a security camera video recording of defendant's physical appearance and behavior in the stationhouse would meet the threshold test of relevance with respect to the observational method of proving a violation of N.J.S.A. 39:4-50." Id. at 9.

In response to our second remand, the Law Division again convicted defendant and the judge issued a written decision setting forth his findings and conclusions of law as to the observational case against defendant. According to the judge, he relied upon not only the municipal court record of defendant's trial in 2013, but he also considered the testimony of defendant and the arresting officer at the N.J.R.E. 104 hearing about the admissibility of the Alcotest. The judge decided not to draw an adverse inference against the State because "neither

6                                                                    A-1336-20

party could represent whether the video would have shown further indicators regarding defendant's intoxication [for or against]."

Defendant appealed for a third time. While we did not find the judge abused his discretion in his decision not to draw an adverse inference against the State, we concluded that the court applied an incorrect standard of review and improperly considered evidence adduced at the N.J.R.E. 104 hearing. State v. Patel, No. A-0330-19 (App. Div. Nov. 23, 2020) (slip op. at 10-11). We explained that the judge's reference to the "substantial evidence rule . . . conflated his role with ours." Id. at 9. We remanded for review before a new judge to reconsider the conviction under the proper standard of review, "based only upon the evidence adduced at the municipal trial." Id. at 6.

On the third remand, after considering the record from the municipal court proceedings and considering the parties' oral arguments, Judge Robert J. Jones found defendant guilty of DWI. Judge Jones issued a conforming January 20, 2020 order and a comprehensive and thorough written opinion that addressed and rejected defendant's claims that he was not driving while intoxicated. The judge also considered and rejected defendant's arguments that the DWI charge should be dismissed on speedy trial and double jeopardy grounds.

A-1336-20

As to defendant's double jeopardy argument, the judge first explained that defendant waived the issue as he failed to brief it, raising it for the first time during oral argument. Judge Jones further noted that double jeopardy would nonetheless not apply because defendant never faced a second prosecution for the same offense, but only appealed his conviction after he was unsuccessful in the municipal court. In such circumstances, the judge explained that "de novo review of [defendant's] conviction is part of the appellate process."

On the speedy trial issue, Judge Jones considered and rejected defendant's arguments after applying the four-part test detailed in Barker v. Wingo, 407 U.S. 514, 530 (1972).[3] The judge first found that defendant failed to raise the speedy trial issue at any prior time in the lengthy proceedings. Judge Jones also determined that although the length of the delay was "prolonged," part of the

---

[3] The four-part test to determine when a violation of a defendant's speedy-trial rights contravenes due process — announced in Barker and subsequently adopted by our Supreme Court in State v. Szima, 70 N.J. 196, 200-01 (1976) — requires "[c]ourts [to] consider and balance the '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.'" State v. Tsetsekas, 411 N.J. Super. 1, 8 (App. Div. 2009) (third alteration in original) (quoting Barker, 407 U.S. at 530). "No single factor is a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial." Id. at 10. Our Supreme Court has "decline[d] to adopt a rigid bright-line try-or-dismiss rule," instead continuing its commitment to a "case-by-case analysis" under the Barker balancing test; it has acknowledged "that facts of an individual case are the best indicators of whether a right to a speedy trial has been violated." State v. Cahill, 213 N.J. 253, 270-71 (2013).

A-1336-20

delay in resolution of defendant's matter related to the appellate process. The judge also concluded that defendant failed to show "any significant prejudice" as he "did not suffer a jail sentence" and the "trial already took place," meaning missing witnesses or fading memories were not at issue. Judge Jones also found significant that defendant failed to support his claim that he suffered from anxiety and financial repercussions related to the delay.

As noted, the judge also concluded defendant was guilty of DWI based on the observational evidence elicited at the municipal court trial. Judge Jones reviewed the evidence from that proceeding and made specific credibility findings in favor of Officer Angelo. Specifically, Judge Jones stated Officer Angelo gave an "inherently believable account of what happened." The judge also credited Officer Angelo's "candor" and noted the absence of any significant inconsistencies in his testimony. Judge Jones discerned no embellishment or exaggeration in his testimony and noted no inconsistencies. In sum, the judge found "no reason to depart from [the municipal court's] finding that Officer Angelo was credible and defendant's testifying expert, while qualified, was not at the scene of the arrest."

Based on Officer Angelo's testimony, the judge specifically found that defendant exhibited "several tell-tale signs of intoxication," including an odor

A-1336-20

of alcoholic beverages, glassy and bloodshot eyes, swaying and loss of balance, and fumbling for his credentials. Defendant also failed to place his heel to his toe while performing the walk-and-turn test, denied drinking, and admitted drinking two beers and a shot that evening.

Judge Jones stated that while "when viewed in isolation, each fact would not lead [him] to find intoxication beyond a reasonable doubt," when considering the totality of the evidence, he ultimately had "no doubt Patel drove drunk." He also explained that two additional factors reinforced this finding. First, the fact that defendant was speeding, while not on its own indicative of driving while intoxicated, "suggest[ed] carelessness, which can result from having too much to drink." Second, defendant admitted to consuming alcohol prior to driving.

Finally, Judge Jones declined to draw an adverse inference from the missing video. Defendant had not offered any compelling reason for him to "second-guess" the prior judge's decision that defendant was not entitled to the adverse inference and our subsequent affirmation on that issue. He explained that even if he were to draw the adverse inference against the State, a "favorable video from police headquarters would not lead [him] to a different conclusion, as it does not undercut the officer's testimony about what happened when

A-1336-20

[defendant] was pulled over, something that took pace closer to the time he'd been drinking."

At sentencing, counsel argued defendant should be sentenced in accordance with the new DWI penalties, pursuant to L. 2019, c. 248, enacted in 2019, which reduced the term of license suspension for third-time offenders from ten to eight years. Defendant maintained that this provision should be applied retroactively because the new law was ameliorative. Defendant further argued sentencing under the previous DWI statute would violate his equal protection rights by treating persons who commit the same offense differently.

Judge Jones rejected these arguments in an oral decision. He rejected defendant's equal protection argument because it erroneously compared defendants based upon timing of their offense, rather than comparing defendants who committed an offense on the same day.

The judge also relied on Gibbons v. Gibbons, 86 N.J. 515, 521 (1981), and concluded that the statute's express language indicated it was to be applied prospectively. The judge noted that the Legislature "spoke unequivocally" by providing an effective date of December 1, 2019 and applying the new law only to offenses committed on that date or subsequent. The ten-year licensure suspension under the previous statute therefore correctly applied to defendant

and the court sentenced defendant to penalties attendant to a third DWI, including 180 days in jail.

This appeal followed, in which defendant raises the following points:

POINT I

THE LAW DIVISION ERRRED IN FINDING DEFENDANT GUILTY OF DWI BASED ON OBSERVATIONS. THUS, THIS COURT SHOULD REVERSE AND REMAND FOR A JUDGMENT OF ACQUITTAL.

POINT II

THE LAW DIVISION ERRED IN REFUSING TO APPLY AN ADVERSE INFERENCE, OR ANY REMEDY, FOR THE DISCOVERY VIOLATION.

POINT III

THE LAW DIVISION ERRED IN FAILING TO DISMISS THE DWI CHARGE BASED ON SPEEDY TRIAL GROUNDS.

POINT IV

EVEN IF THE SPEEDY TRIAL MOTION DENIAL IS AFFIRMED, THE DWI CHARGE SHOULD HAVE BEEN DISMISSED UNDER PRINCIPLES OF DOUBLE JEOPARDY APPLICABLE AT THE TIME OF THE DWI OFFENSE.

POINT V

EVEN IF THE CHARGE IS NOT DISMISSED AS A VIOLATION OF DEFENDANT'S FEDERAL OR

12

STATE DOUBLE JEOPARDY RIGHTS, THIS COURT SHOULD DISMISS BASED UPON FUNDAMENTAL FAIRNESS.

POINT VI

THE LAW DIVISION ERRED BY NOT SENTENCING THIS DEFENDANT UNDER THE NEW DWI STATUTE, L. 2019, C. 248, WHICH INCLUDES EIGHT YEARS OF LICENSE FORFETIURE INSTEAD OF TEN YEARS OF SUSPENSION ON THE THIRD DWI CONVICTION.

A. Failure to apply the new DWI and refusal sentencing law to this defendant and any third offender sentenced after its August 23, 2019 passage, violated defendant's constitutional Equal Protection rights.

B. Even if the effective date provision of the new DWI sentencing law is upheld as constitutional on its face or as applied to third offenders, as a matter of fundamental fairness and inherent authority of our courts to retroactively sentence to ameliorative terms, this defendant and all third DWI and Refusal offenders sentenced after August 23, 2019 should have been so sentenced under the provisions of Laws of 2019, c. 248.

We affirm defendant's conviction and reject the arguments raised in Points II, III, IV and VI substantially for the reasons set forth in Judge Jones's thoughtful written and oral decisions, and conclude defendant's contentions in Point V, raised for the first time before us, are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We also reject defendant's

13

argument detailed in Point I, again substantially for the reasons expressed by Judge Jones, and provide the following comments to amplify the reasons for our decision.

## II.

Defendant contends that without his Alcotest results, which were rendered inadmissible by the Supreme Court's decision in Cassidy, there was insufficient credible evidence to convict him of DWI based on observations alone. We disagree.

After his conviction in municipal court, defendant sought de novo review by the Law Division, which "provides a reviewing court with the opportunity to consider the matter anew, afresh [and] for a second time." In re Phillips, 117 N.J. 567, 578 (1990) (alteration in the original) (internal quotation marks omitted); see also R. 3:23-8(a)(2). Upon de novo review, the Law Division judge must make independent findings of fact and conclusions of law but defers to the municipal court's credibility findings. State v. Robertson, 228 N.J. 138, 147 (2017).

Our "standard of review of a de novo verdict . . . is to 'determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole.'" State v.

Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Further, substantial deference is given to a trial court's findings of fact in a non-jury case. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). These findings should only be disturbed when there is no doubt that they are inconsistent with the relevant, credible evidence presented below, such that a "manifest denial of justice" would result from their preservation. Id. at 412.

The rule of deference is more compelling where, as here, the municipal and Law Division judges made concurrent findings. State v. Locurto, 157 N.J. 463, 474 (1999). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. "Therefore, appellate review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). Our review of the Law Division's legal determinations or conclusions, however, is plenary and "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

15

N.J.S.A. 39-4:50 prohibits the operation of a motor vehicle while under the influence of intoxicating liquor or drugs. This offense may be proven in either of two alternative methods: (1) proof of a defendant's blood alcohol level; or (2) proof of a defendant's physical condition. State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003). Normally, Alcotest results are admissible in DWI cases to "establish a defendant's guilt or innocence for drunk driving" under the first method. Cassidy, 235 N.J. at 486. In light of Cassidy, and the attendant inadmissibility of defendant's Alcotest results, his DWI conviction requires analysis of Officer Angelo's observations on the night of the arrest.

Under the second method, "[t]he statute does not require as a prerequisite to conviction that the accused be absolutely 'drunk' in the sense of being sodden with alcohol. It is sufficient if the presumed offender has imbibed to the extent that his physical coordination or mental faculties are deleteriously affected." State v. Nemesh, 228 N.J. Super. 597, 608 (App. Div. 1988) (citing State v. Emery, 27 N.J. 348, 355 (1958)). As it relates to intoxicating liquor specifically, "under the influence" means a condition "which so affects the judgment or control of a motor vehicle operator as to make it improper for him to drive on the highway." State v. Tamburro, 68 N.J. 414, 421 (1975).

A-1336-20

An officer's subjective observation of a defendant is a sufficient ground to sustain a DWI conviction. See State v. Cryan, 363 N.J. Super. 442, 456-57 (App. Div. 2003) (sustaining DWI conviction based on observations of defendant's bloodshot eyes, hostility, and strong odor of alcohol); State v. Morris, 262 N.J. Super. 413, 421 (App. Div.1993) (finding evidence of slurred speech, abrasive demeanor, disheveled appearance, bloodshot eyes and alcoholic odor on defendant's breath sufficient to sustain a DWI conviction).

Additionally, the failure of a defendant to perform adequately on balance and coordination tests may be sufficient to prove "a defendant guilty beyond a reasonable doubt of DWI." State v. Liberatore, 293 N.J. Super. 580, 589 (Law Div. 1996) (citing State v. Slinger, 281 N.J. Super 538, 543 (App. Div. 1995)). A combination of various factors is enough to support the conclusion that defendant was driving under the influence of alcohol. See State v. Cleverley, 348 N.J. Super. 455, 465 (App. Div. 2002) (sustaining DWI conviction based on officer's observation of the defendant's driving without headlights, inability to perform field sobriety tests, combativeness, swaying, and detection of odor of alcohol on the defendant's breath); State v. Oliveri, 336 N.J. Super. 244, 251-52 (App. Div. 2001) (sustaining DWI conviction based on officer's observations of watery eyes, slurred and slow speech, staggering, inability to perform field

sobriety tests, and defendant's admission to drinking alcohol earlier in the day), overruled on other grounds, State v. Clancaglini, 411 N.J. Super. 280 (App. Div. 2010).

Defendant contends that the reasonable doubt standard required to find him guilty of DWI is "stringent" and much higher than probable cause, and therefore we should vacate his conviction and enter a judgment of acquittal. He further argues that while the officer's observations might have established probable cause to arrest him, the results of the field sobriety tests do not prove beyond a reasonable doubt that he drove drunk. In support of this argument, defendant relies upon State v. Bernokeits, which addressed the standard of proof required to expand the scope of a traffic stop and conduct roadside field sobriety testing, finding that such testing may be undertaken on the basis of reasonable suspicion alone. 423 N.J. Super. 365, 376 (App. Div. 2011). Defendant's reliance on Bernokeits is misplaced, as that case does not relate to the reasonable-doubt standard employed by courts when determining a defendant's guilt for a DWI offense. The standard discussed in Bernokeits related to a police officer's decision to conduct roadside field sobriety testing.

We have thoroughly reviewed the record and we are satisfied that Judge Jones' findings are based upon sufficient credible evidence. The judge found

18

Officer Angelo credible and determined based on his testimony that defendant was driving while under the influence of alcohol. Officer Angelo testified that defendant put his foot down twice during the one-leg-stand test and "had his arms out, swaying for balance." During the walk-and-turn test, defendant lost his balance on two steps, and did not touch his heel to toe for any of the eighteen steps. Together with defendant's speeding, bloodshot eyes, fumbling for credentials and admission to drinking several alcoholic beverages, the totality of the circumstances indicated beyond a reasonable doubt that defendant drove while under the influence of alcohol. These credibility and factual findings are amply supported by the record and warrant our deference.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

19                                                                    A-1336-20